MEMORANDUM *
James H. Horkley and defendant/appellant corporations (“Horkley”) appeal several decisions made by the district court during a trial in which the jury ultimately found Horkley hable for sexually harassing Jodi Wyatt. A jury awarded Wyatt a total judgment on the merits of $466,250.00 against the appellants. The district court awarded Wyatt’s request for attorneys’ fees in the amount of $291,701.61, which included fees for a previous appeal to this court.
*490 We have jurisdiction over this timely appeal, and we affirm.
I
Horkley asserts that the district court erred in not granting his motions for a directed verdict or judgment as a matter of law brought on the ground that Wyatt had failed to satisfy the numerical jurisdictional requirement of both Title VTI of the Civil Rights Act of 1964, 42 U.S.C. § 1981 et seq., and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq. We disagree. The court correctly ruled that Horkley admitted the numerical jurisdictional elements in his answers to paragraph 6 of Wyatt’s complaints. Moreover, Horkley’s motions were untimely.
II
Horkley contends that Wyatt did not adequately plead assault and battery with information sufficient for him to defend against the charge. However, he (1) answered the complaints without indicating he did not have sufficient information to do so, see Fed.R.Civ.P. 8(b)(5), (2) did not file a motion for a more definite statement as required by Fed.R.Civ.P. 12(e), and (3) did not file a timely dispositive motion on this issue as required by the district court’s pre-trial order. Thus, the district court correctly denied his request for judgment on the pleadings.
III
Horkley asserts that the admission of other acts of similar conduct by him was an abuse of discretion. To the contrary, the trial court was most cautious in admitting this evidence and assiduously followed the rules in appropriately doing so. The disputed evidence was relevant to motive, intent, and lack of consent.
IV
The most challenging issue advanced by Horkley involves the deliberate and unwise insertion into evidence by Wyatt’s counsel of information that Wyatt now forthrightly concedes had “nothing to do” with her case. This evidence was not only irrelevant, but immediately recognized by the district court as inflammatory. When first confronted with the issue, neither party favored a mistrial, even though the court suggested such a result might be appropriate. Both sides agreed that a “curative instruction” would suffice. However, after conferring with his client, Horkley’s counsel changed his mind and asked for a mistrial. The court denied the motion. Instead, the court gave the jury a comprehensive limiting instruction carefully designed to cure counsel’s mistake. See United States v. Escalante, 637 F.2d 1197, 1202-03 (9th Cir.1980). The court told the jurors both what they could consider on the “secret camera” matter, and, more importantly, what they could not. The court told the jury what was relevant, and what they must disregard. The relevance of what was left was limited to Mr. Summers’s credibility “and for no other purpose.” This instruction effectively removed the troublesome information and evidence from the jury’s consideration. The court asked the jurors if they understood the instruction, and “is there anyone who does not?” When no juror spoke up, the court said, “Okay, thank you.” The court told counsel, “I have a lot of confidence in juries, I think they can disregard it.... If I tell them to disregard it, I think they will disregard it.... ” Horkley’s counsel renewed his motion for a mistrial at the close of evidence.
We determine that this experienced trial judge did not abuse his discretion in eliminating the offending information from the evidentiary record and denying the *491 motion for a mistrial at the close of evidence. Using a cautionary limiting instruction “is the preferred alternative to declaring mistrial when a witness makes inappropriate or prejudicial remarks; mistrial is appropriate only where there has been so much prejudice that an instruction is unlikely to cure it.” Id. at 1203. Moreover, given the evidence already before the jury regarding Horkley’s relevant actions, we are not convinced that the introduction of this irrelevant additional evidence was prejudicial. The deferential standard of review we use on this issue wisely recognizes the proposition that trial judges are in the best position to determine whether a trial must begin over again, or not. We cannot conclude that his instruction was unlikely to cure Wyatt’s mistake.
V
The district court did not err or abuse its discretion in permitting the delayed filing of the amended judgment, see Federal Trade Comm’n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12, 73 S.Ct. 245, 97 L.Ed. 245 (1952), or in the award of attorneys’ fees, including fees related to the prior appeal. See Abner v. Kansas City S. Ry. Co., 541 F.3d 372, 383-84 (5th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.